<u>**NOT FOR PUBLICATION**</u>

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| RAFAEL FERNANDEZ, <br><br>                    Plaintiff, <br><br> v. <br><br><br> CROWN EQUIPMENT CORPORATION, <br><br>                    Defendant. | Civ. No. 07-4032 (DRD) <br><br><br> **O P I N I O N** |

*Appearances:*

THE LAW OFFICES OF LINDA S. BAUMANN
155 Passaic Avenue
Fairfield, NJ 07004
By: Martha D. Lynes, Esq.

    *Attorney for Plaintiff*

BAINTON, McCARTHY LLC
26 Broadway Suite 2400
New York, NY 10004-1840
By: J. Joseph Bainton, Esq.
Michael Jay Cohen, Esq.
Mark D. Wessel, Esq.

    *Attorneys for Defendant*

**<u>DEBEVOISE, Senior District Judge</u>**

Plaintiff, Rafael Fernandez, initiated his personal injury suit against Defendant, Crown Equipment Corporation ("Crown") in the Superior Court of New Jersey. In response, Crown moved to dismiss the Complaint, pursuant to N.J. Civ. Prac. R. 4:37-2(a) on the grounds that Plaintiff failed to issue a summons within the required 15 day period. Prior to the state court's ruling on the motion to dismiss, Crown removed the action to this Court pursuant to 28 U.S.C. § 1441, for diversity under 28 U.S.C. § 1332. This Court has subject-matter jurisdiction because Fernandez is a New Jersey resident, Crown is an Ohio company and the amount in controversy exceeded $75,000 at the time of removal.[1] Because the Federal Rules of Civil Procedure are effective only for procedural issues arising after removal, the pending motion regarding service of process will be decided according to state procedural rules.[2] See Fed. Civ. P. R. 81(c). Therefore, because Crown has not demonstrated any prejudice, Fernandez's cause of action is apparently meritorious and Plaintiff's error seems to be solely through the negligence of his attorney, Crown's motion will be denied.

## I. BACKGROUND

Fernandez filed a Complaint on May 15, 2007, in the Superior Court of New Jersey, claiming damages for a serious injury. He contends that he was injured on May 16, 2005, when a battery pack, which was serviced, manufactured, sold, and/or owned by Crown, disengaged from

---

[1] Although Plaintiff now stipulates that its total amount of damages claimed are approximately $27,000, subject-matter jurisdiction is proper because a fair reading of the complaint's allegations exceeds $75,000. Albright v. R.J. Reynolds Tobacco Co., 531 F.2d 132, 134 (3d Cir. 1976).

[2] Although 28 U.S.C. § 1448 allows a new service of process to rectify an improper service of process in the state court's proceedings and the Federal Rules allow 120 days for an issuance of a Summons, Fed. R. Civ. P. 4(m), in this case, no such attempt was made.

a forklift truck and struck him. Fernandez alleges that Crown is liable for its reckless and negligent design, manufacture and/or maintenance which caused Fernandez's injuries. Furthermore, Fernandez contends liability for a breach of implied warranty of merchantability, pursuant to N.J. Stat. Ann. § 12A:2-314, implied warranty of fitness, pursuant to N.J. Stat. Ann. § 12A:2-315, express warranty, strict liability, pursuant to N.J. Stat. Ann. § 2A:58C-2, and a failure to properly warn of the potential risk of harm and provide adequate safeguards.

Liberty Mutual Group ("Liberty"), the insurer for Fernandez's employer's workers' compensation, filed a complaint on May 15, 2007, in the District Court of New Jersey against Crown for the subrogation of its payments to Fernandez. However, that case was dismissed on January 21, 2007, subject to the stipulation that Liberty can assert its rights in this pending cause of action initiated by Fernandez. Fernandez is no longer pursuing his individual claim; rather, Liberty is pursuing it to preserve its subrogation rights.

## II. DISCUSSION

Crown moves to dismiss, pursuant to N.J. Civ. Prac. R. 4:37-2, for failure to issue the Summons within 15 days of the Complaint. Crown contends that since Liberty is asserting the rights of Fernandez, it should be held to a heightened standard because Liberty is a "professional litigant." Furthermore, Crown asserts the claim is without merit because the circumstances of the accident are unknown. Although Liberty does not deny the delay in the issuance of the Summons, it contends that the Court should use its discretion to deny the motion to dismiss.

**A. Standard of Review under  N.J. Civ. Prac. R. 4:37-2**

Because the Federal Rules of Civil Procedure are effective only for procedural issues

arising after removal, the pending motion regarding service of process will be decided according to state procedural rules.  Although the decision to dismiss for improper service of process is a matter of discretion of the trial court, "dismissal is reserved for those situations where 'no lesser sanction will erase the prejudice of the non-delinquent party.'" Olds v. Donnelly, 696 A.2d 633, 641 (N.J. 1997) (quoting Crispin v.Volkswagenwerk, A.G., 476 A.2d 250, 255 (N.J. 1984). Furthermore, failure to timely issue a summons pursuant to N.J. Civ. Prac. R. 4:37-2(a) "will not result in dismissal of an action when the defendant is not prejudiced, the complaint appears to be meritorious, and the failure to make proper service is attributable solely to the neglect of plaintiff's attorney." Id.  Each of the three factors must be met in order to avoid dismissal.  Pena v. Reid-Provident Lab., Inc., No. 88-4632 (CSF), U.S. Dist. 1990 LEXIS 3157, at *1 (N.J. March 21, 1990)

**B. N.J. Civ. Prac. R. 4:37-2**

In this case, Defendant is not entitled to have the case dismissed because each of the three factors proposed by Olds is met. A plaintiff's failure to issue a summons when the delay extended past the statute of limitations may be grounds for dismissal if the delay caused the defendant to destroy records, which could have been used in its defense. Moschou v. DeRosa, 471 A.2d 54, 56 (N.J. Super. Ct. App. Div 1984).  However, Defendant has not asserted any reason why the untimely issuance of the Summons has prejudiced Crown.  Furthermore, Crown is currently defending a similar case which arises from the same incident; therefore, Crown is in a position to defend against this cause of action.  While Defendant maintains that Crown should not incur the expense of defending this action since Plaintiff has delayed in opposing this motion to dismiss, this is not an instance of prejudice that the courts have considered to grant a motion to

dismiss under N.J. Civ. Prac. R. 4:37-2.

Additionally, Plaintiff's case appears to have merit.  Although this Court is not deciding based on the merits, Plaintiff asserted that he was seriously injured by Defendant's battery pack.  Therefore, if Plaintiff can prove that Defendant was negligent in the design or maintenance of its product, he would be entitled to relief.  Defendant alleges that the cause of Plaintiff's injuries cannot be proven.  However, nothing in the record has yet shown an inability of Plaintiff to succeed on the merits.  That issue is subject of a defense motion for summary judgment in a related case.

Finally, the delay in issuing the Summons appears to be solely due to the negligence of Plaintiff's attorney.  Nothing in the record shows any motive for delay or any malicious intent on the part of Plaintiff.  Although Crown contends that Plaintiff should be held to a heightened standard, the error occurred before Liberty Mutual asserted its subrogation rights and, therefore, it should not be penalized for the negligence of others.  While Crown alleges that Liberty should not be excused for nine months of default and failure to respond to this motion, Liberty only substituted for Plaintiff on March 3, 2008.  Furthermore, within two days of Crown's letter reminding the Court to rule on this pending motion, Liberty filed a brief in opposition to the motion to dismiss.

Therefore, since Plaintiff has met each of the factors that, under New Jersey law, are a basis to deny a motion pursuant to N.J. Civ. Prac. R. 4:37-2(a), the motion will be denied.

## III. CONCLUSION

For the reasons set forth above, Defendant's motion to dismiss pursuant to N.J. Civ. Prac. R. 4:37-2(a) will be denied.  An order implementing this opinion will be entered.


   /s/ Dickinson R. Debevoise
DICKINSON R. DEBEVOISE, U.S.S.D.J.

Dated: June 3, 2008